# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JOHN EMERY,** | ) | **CASE NO. 4:25 CV 2037** |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| **WARDEN SHELBY SMITH,** | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) | |

*Pro se* Petitioner John Emery filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) He is currently incarcerated in the Belmont Correctional Institution, having pleaded guilty to rape charges in the Trumbull County Court of Common Pleas in 2021.

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a habeas corpus petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, the Court finds that the Petition must be dismissed. Before a federal court may grant habeas corpus relief, a state prisoner must exhaust all of his available state-court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126

(6th Cir. 1993).

In order to satisfy the exhaustion requirement, constitutional claims for relief must be presented to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(c). In the federal system, states must have first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

It evident on the face of the Petition that Petitioner has not exhausted his state remedies with respect to his claims as he does not represent he has raised his claims in the Ohio Court of Appeals or Ohio Supreme Court. He must raise and fully exhaust his federal constitutional claims regarding his convictions in the Ohio courts before seeking federal habeas corpus relief.

Accordingly, this Petition is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases. The dismissal is without prejudice to Petitioner's filing a petition in another case upon a demonstration of exhaustion of state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                       10/10/2025
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE